UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE: MILAD H. HABBOUSH                      Case No. 05-33534-DOT
       Chapter 7 Debtor


KEITH L. PHILLIPS, TRUSTEE                    Adv. Proc. No. 06-03082-DOT
       Plaintiff
v.

MILAD H. HABBOUSH, DEBTOR
       Defendant

## MEMORANDUM OPINION AND ORDER

Trial was held November 14, 2006, on the trustee's complaint seeking denial of debtor Milad H. Habboush's chapter 7 discharge under 11 U.S.C. § 727. The court deferred ruling at the conclusion of trial. By letter dated November 30, 2006, the court advised the parties that debtor's discharge would be denied pursuant to 11 U.S.C § 727(a)(2), (a)(3), and (a)(7). This memorandum opinion and order supplements the court's letter ruling. In the event of an appeal, the court may issue a supplemental opinion with expanded findings of facts and conclusions of law.

In summary, the court denies defendant debtor's chapter 7 discharge for the reasons that 1) defendant, as an insider of Business Communications of Virginia, Inc., (BCV) fraudulently caused this corporation to transfer real property located at 3300 Maryland Avenue, City of Richmond, Virginia, to a related individual, Habib Habboush; and 2) defendant, as an insider of BCV, failed to keep or preserve proper books and financial records for the corporation.

Findings of Fact.

Business Communications of Virginia, Inc., (BCV) filed a chapter 7 bankruptcy petition

in this district on November 5, 2004. Plaintiff Keith L. Phillips serves as its trustee in bankruptcy. Prior to filing its petition, BCV operated a business in Richmond, Virginia, under the name of eTelsuperstore.com. Defendant debtor Milad H. Habboush was a principal, stockholder and vice president of BCV. Defendant filed this chapter 7 bankruptcy on April 14, 2005.

In the year 2003, BCV held title to real property located at 3300 Maryland Avenue in the City of Richmond, Virginia. This property had been conveyed to BCV by deed dated December 1, 1998. ( P's. Ex. 1).

In May 2003, defendant individually borrowed $60,000.00 from Bank of America as a personal loan, which loan was secured by a deed of trust dated May 9, 2003, on BCV's Maryland Avenue real property. (P's. Ex. 4; Def's. Ex. B) The loan was recorded on BCV's general ledger as a loan to the corporation from George Habboush on May 31, 2003. (P's. Ex. 6)

By deed dated October 28, 2004, executed by defendant as owner and vice president of BCV, and recorded August 19, 2005, defendant caused BCV to convey the Maryland Avenue realty to defendant's father, Habib Habboush. Any consideration paid for this transfer was used to repay defendant's personal loan from Bank of America. (P's Ex. 2) The net effect of the transaction was a transfer of BCV's Maryland Avenue real property to a related individual for no consideration to BCV within one year prior to defendant's chapter 7 bankruptcy filing date of April 14, 2005.

Defendant as an insider of BCV failed to keep or preserve proper books and records for the corporate debtor within one year prior to defendant's chapter 7 filing.

Additional facts are stated below.

Discussion and Conclusions of Law.

**Denial of discharge under 11 U.S.C. § 727(a)(7)**

A chapter 7 debtor is generally entitled to a discharge in bankruptcy in accordance with Bankruptcy Code § 727(a). However, discharge may be denied if a debtor has committed one of the acts specified in § 727(a)(2) through (7). Under § 727(a)(7), a discharge may be denied a debtor who "has committed an act specified in" § 727(a)(2) through (6) "in connection with another case . . . concerning an insider." 11 U.S.C. § 727(a)(7). The specified acts must have been committed either during the case or within one year before the debtor's filing the case. The court finds that defendant, an insider of BCV, within the required one year committed acts specified in both § 727(a)(2) and § 727(a)(3). Accordingly, his discharge will be denied pursuant to § 727(a)(7).

**Denial of Discharge Under § 727(a)(2)**

Pursuant to § 727(a)(2), a debtor will be granted a discharge unless "the debtor, with intent to hinder, delay, or defraud a creditor . . . has transferred, removed, destroyed, mutilated, or concealed . . . property of the debtor, within one year before the date of the filing of the petition." [". . . or property of the estate, after the date of the filing of the petition."] 11 U.S.C. § 727(a)(2)(A),(B). A plaintiff has the burden of proving this or any other basis for denying discharge under § 727 by a preponderance of the evidence. See Farouki v. Emirates Bank Int'l, Ltd., 14 F.3d 244, 249 (4th Cir. 1994); Harmon v. McGee (In re McGee), 157 B.R. 966, 973 (Bankr. E.D. Va. 1993). Although the burden of proof always remains with the plaintiff, a debtor may be called upon to offer rebuttal evidence once the creditor has established a prima facie case for denial of discharge. See Farouki, 14 F.3d at 249; T.R. Press, Inc. v. Whitcomb (In re Whitcomb), 140 B.R. 396, 398 (Bankr. E.D. Va. 1992).

Because direct evidence of fraudulent intent is rarely available, courts have relied upon

the badges of fraud to infer fraudulent intent. See Riggs Nat'l Bank v. Andrews (In re Andrews), 186 B.R. 219, 222 (Bankr. E.D. Va. 1995), citing In re Warner, 87 B.R. 199, 202 (Bankr. M.D. Fla. 1988); Hyman v. Porter (In re Porter), 37 B.R. 56, 63 (Bankr. E.D. Va. 1984). The badges of fraud include: (1) a relationship between the debtor and the transferee; (2) lack of consideration for the conveyance; (3) debtor's insolvency or indebtedness; (4) transfer of debtor's entire estate; (5) reservation of benefits, control, or dominion by the debtor; (6) secrecy or concealment of the transaction; and (7) pendency or threat of litigation at the time of transfer. See In re Andrews, 186 B.R. at 222; In re Porter, 37 B.R. at 63.

The first two and the fifth of the listed badges of fraud are present here. And while there is no evidence that defendant was insolvent on October 28, 2004, when the deed was executed, BCV was undoubtedly insolvent as it would file bankruptcy just over a week later on November 5. (There is also evidence, discussed below, that some of BCV's financial records had been thrown away.) Defendant, an insider of BCV, had earlier exercised dominion and control over the realty by allowing BCV to transfer the property for the purpose of securing a personal loan to defendant. Subsequently, defendant required BCV to transfer title of the property to defendant's father for no consideration to BCV. In substance, defendant caused BCV to transfer its real property to defendant's relative for no consideration, within one year before defendant's filing date. The presence of four badges of fraud persuade the court that the transfer was done with the requisite intent by defendant to hinder, delay, or defraud creditors, as required by § 727(a)(2). Defendant has failed to rebut the trustee's evidence. Therefore, defendant's discharge will be denied pursuant to Bankruptcy Code § 727(a)(2) and (a)(7).

**Denial of discharge under 11 U.S.C. § 727(a)(3) and (a)(7)**

A debtor's discharge is also subject to denial under § 727(a)(3) if "the debtor has . . .

4

failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained. . ." 11 U.S.C. § 727(a)(3). A plaintiff objecting to discharge pursuant to this provision must show that the debtor failed to maintain adequate records and that this failure makes it impossible to evaluate the debtor's financial condition. See Meridian Bank v. Alten, 958 F.2d 1226 (3d Cir. 1992); see also First Union Nat'l Bank v. Golob (In re Golob), 252 B.R. 69 (Bankr. E.D. Va. 2000).

The trustee presented substantial evidence to support denial of debtor's discharge under 11 U.S.C. § 727(a)(3) and (a)(7). The evidence was furnished by several witnesses who gave explicit testimony that the records turned over to the trustee by defendant were not adequate for the trustee to fully evaluate BCV's recent financial condition. In particular, the trustee's accountant stated that he had been unable to get even an 80% set of books and records. As a result the trustee was unable to identify and pursue with complete accuracy such matters as preferences, insider deals and other fraudulent conveyances by BCV. Other critical testimony of missing records was provided by a former accounting employee of BCV, whose evidence substantiated that of the trustee's accountant. The court notes three additional important points.

In his summation at the end of trial, counsel for defendant argued that the trustee, Keith Phillips, had testified to the effect that there were sufficient books and records of BCV to enable the trustee to carry out his duties. Upon reviewing Mr. Phillips's testimony, the court finds that his testimony in its entirety does not support counsel's argument. Moreover, the testimony of the trustee's accountant is quite specific with respect to the deficiencies in the corporation's records and the problems that these deficiencies caused the trustee in administering the case.

Then there is the question of whether the evidence supports the trustee's assertion that valuable records of BCV were placed in the dumpster behind the corporation's business premises. The court finds that the weight of the evidence supports the trustee. The records were found there, and nothing in the record supports any inference that the records had been thrown out by the auctioneer after the sale of the store's contents. Defendant's testimony that it was normal for the dumpster to be emptied weekly is not sufficient to overcome the other evidence.

Finally, defendant argues that the corporation's business records were in backup files located on the premises and disregarded by the trustee. To the contrary, the evidence is quite persuasive that a former BCV employee and the trustee's professionals, who are familiar with computerized financial records, made reasonable efforts to locate the corporation's records; at trial the trustee's evidence discounted the notion that there was anything of importance in the backup data. The court cannot accept the defendant's theoretical and unsubstantiated argument that the information could have been found in backup files.

The evidence is more than sufficient to prove the unavailability of BCV's corporate records as required under 11 U.S.C. § 727(a)(3). The absence of financial records is attributable to the insider defendant and thus meets the requirements of § 727(a)(7) to deny defendant's discharge under § 727(a)(3) and (a)(7).

**Conclusion**

For the above reasons, the court finds that the defendant debtor, as an insider, is not entitled to a discharge as a result of his actions within one year before filing this case in the related bankruptcy case of the corporation BCV, in accordance with 11 U.S.C. § 727(a)(2), (a)(3), and (a)(7). Accordingly,

IT IS ORDERED that debtor defendant Milad H. Habboush's chapter 7 discharge is

DENIED.

SIGNED: _____

　　　　　　　　　　　　　　　　　　 /s/ Douglas O. Tice Jr.
　　　　　　　　　　　　　　　　　　DOUGLAS O. TICE JR.
　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES BANKRUPTCY JUDGE

Copy to:

Lynn L. Tavenner, Esquire
Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
*Counsel for Chapter 7 Trustee*

Keith L. Phillips, Chapter 7 Trustee for
Business Communications of Virginia, Inc. 04-40289-DOT
311 South Boulevard
Richmond, Virginia 23220

Robert A. Canfield, Esquire
2201 Libbie Avenue, Suite 200
Richmond, Virginia 23230
*Counsel for Milad H. Habboush*

Harry Shaia, Chapter 7 Trustee for
Milad H. Habboush
8550 Mayland Drive
Richmond, Virginia 23294

Robert B. Van Arsdale, Esquire
Assistant United States Trustee
Office of the United States Trustee
600 East Main Street, Suite 301
Richmond, Virginia 23219